IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.

JOAQUIN HERRERA

_____/

INDICTMENT

5:19cr68-TKW

THE GRAND JURY CHARGES:

## COUNT ONE

On or about April 3, 2019, in the Northern District of Florida, the defendant,

**JOAQUIN HERRERA,**

did knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and this depiction was produced using materials that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT TWO

On or about April 5, 2019, in the Northern District of Florida, the defendant,

**JOAQUIN HERRERA,**

did knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and this depiction was produced using materials that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

### COUNT THREE

On or about April 22, 2019, in the Northern District of Florida, the defendant,

### JOAQUIN HERRERA,

did knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and this depiction was produced using materials that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

### COUNT FOUR

On or about April 28, 2019, in the Northern District of Florida, the defendant,

### JOAQUIN HERRERA,

did knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a

visual depiction of such conduct, and this depiction was produced using materials that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT FIVE

On or about May 3, 2019, in the Northern District of Florida, the defendant,

**JOAQUIN HERRERA,**

did knowingly possess material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2253. From his engagement in the violations alleged in Counts One through Five of this Indictment, the defendant,

**JOAQUIN HERRERA,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

A.   Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code;

B.   Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses alleged in Counts One and Two of this Indictment; and

C.   Any property, real or personal, used, or intended to be used, to commit or promote the commission of the offenses alleged in Counts One and Two of this Indictment.

D.   The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools,

4

equipment, and manuals and documentation for the assembly and use of the hardware and software mentioned above.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of the Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendant up to the value of any forfeitable property described above,

A TRUE BILL:

███████████████

FOREPERSON

10/01/2019
DATE

_____
LAWRENCE KEEFE
United States Attorney

_____
MICHELLE DAFFIN
Assistant United States Attorney

6