# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

v.                                                    **CASE No: 5:19-CR-68-TKW-MJF**

**JOAQUIN HERRERA**

_____/

## PLEA AGREEMENT

### 1.  PARTIES TO AGREEMENT

This agreement is entered into, by, and between, Joaquin Herrera, as the Defendant, Tim Halstrom, attorney for the Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

### 2. TERMS

The parties agree to the following terms:

a.     The Defendant will plead guilty to Count One (Production of Child Pornography), Count Two (Production of Child Pornography), Count Three (Production of Child Pornography), Count Four (Production of Child Pornography), and Count Five (Possession of Child Pornography Which Involved a Prepubescent

**FILED IN OPEN COURT THIS**

_J. Williams_  9-3-2020

**CLERK, U.S. DISTRICT COURT, NORTH DIST. FLA**

Minor or a Minor Who Had Not Attained 12 Years of Age). As to Count One, the Defendant faces a minimum mandatory term of fifteen years' imprisonment, a maximum of thirty years' imprisonment, a minimum term of five years and a maximum term of life on supervised release, a $250,000 fine, and a $100 special monetary assessment. The Court shall impose an assessment of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(3). As to Count Two, the Defendant faces a minimum mandatory term of fifteen years' imprisonment, a maximum of thirty years' imprisonment, a minimum term of five years and a maximum term of life on supervised release, a $250,000 fine, and a $100 special monetary assessment. The Court shall impose an assessment of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(3). As to Count Three, the Defendant faces a minimum mandatory term of fifteen years' imprisonment, a maximum of thirty years' imprisonment, a minimum term of five years and a maximum term of life on supervised release, a $250,000 fine, and a $100 special monetary assessment. The Court shall impose an assessment of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(3). As to Count Four, the Defendant faces a minimum mandatory term of fifteen years' imprisonment, a maximum of thirty years' imprisonment, a minimum term of five years and a maximum term of life on supervised release, a $250,000 fine, and a $100 special monetary assessment. The Court shall impose an assessment

2

of not more than $50,000 pursuant to 18 U.S.C. § 2259A(a)(3).  As to Count Five, the Defendant faces a maximum term of twenty years' imprisonment, a minimum term of five and a maximum term of life on supervised release, a $250,000 fine, restitution which includes, but is not limited to, a minimum of $3,000 per victim (see Paragraph j), and a $100 special assessment. The Court shall impose an assessment of not more than $17,000 pursuant to 18 U.S.C. § 2259A(a)(1).  The Defendant agrees to pay the special monetary assessments on or before the date of sentencing.

If the Defendant is unable to pay the special assessments prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the Defendant is subject includes the forfeiture of all forfeitable assets.

b.    By voluntarily pleading guilty to Counts One, Two, Three, Four, and Five in the Indictment, the Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These constitutional rights include:  the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the

3

right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

     c.     The Defendant is pleading guilty because the Defendant is in fact guilty of the charge alleged in Counts One, Two, Three, Four, and Five of the Indictment. In pleading guilty, the Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

     d.     Upon the District Court's adjudication of guilt of the Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. The Defendant agrees that substantial evidence exists to support the charges.

     e.     Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

     f.     If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

     g.     The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States

4

Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statutes for the offense.

h.    Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

i.    The Defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an

5

employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

      j.      Pursuant to 18 U.S.C. §§ 3663 and 2259, Defendant agrees to the entry of a Restitution Order in the amount of $3,000.00 for each victim who is identified in images contained on any of the defendant's electronic devices and submits a claim for restitution based on damages. Defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d). The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

### 3. SENTENCING

a.     The Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.     The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

c.     The parties reserve the right to appeal any sentence imposed.

### CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

7

LAWRENCE KEEFE
United States Attorney

_____
TIM HALSTROM
Attorney for Defendant

8-26-2020
_____
Date

_____
JOAQUIN HERRERA
Defendant

8-26-2020
_____
Date

_____
MICHELLE SPAVEN
Assistant United States Attorney
Florida Bar No. 0640761
Northern District of Florida
1001 East Business Hwy 98, Ste 200
Panama City, FL 32401
(850) 767-5006
michelle.spaven@usdoj.gov

8