**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                               **Case No.: 5:19cr68/TKW/MAL**
                                            **5:23cv21/TKW/MAL**

**JOAQUIN GABRIEL HERRERA,**
     **a.k.a. "Gaby",**

     **Reg. No. 26604-017,**

     **Defendant.**
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY (Doc. 71)**

COMES NOW the United States of America, by and through the

undersigned Assistant United States Attorney, pursuant to 28 U.S.C. § 2255,

the rules governing § 2255 proceedings, and this Court's order (Doc. 75),

hereby responding in opposition to the motion to vacate, set aside, or correct

sentence (Doc. 71) and supporting memorandum (Doc. 74) filed by

Defendant Joaquin Gabriel Herrera (hereinafter "the defendant" or Herrera).

The government respectfully requests this § 2255 motion be denied without

1

an evidentiary hearing and without a certificate of appealability for the reasons stated below:

## I.   PROCEDURAL & FACTUAL STATEMENT OF THE CASE

On October 1, 2019, a federal grand jury empaneled in the Northern District of Florida returned a five-count indictment against the defendant/appellant, Joaquin Herrera (hereinafter, "Herrera").   (PSR, ¶1) Counts one through four charged Enticement of a Minor for Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), on various dates in the month of April 2019.   (PSR, ¶¶2-4) Count five charged Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), on or about May 3, 2019. (PSR, ¶ 5)

On September 3, 2020, Herrera pled guilty as charged to each count. (PSR, ¶ 8)   On December 29, 2020, the district court sentenced Herrera to consecutive terms of 360 months' imprisonment on counts one, two, and four; a concurrent term of 360 months' imprisonment on count four, and a consecutive term of 120 months' imprisonment on count five followed by concurrent terms of 10 years of supervised release.   (Doc. 47-2, 3)   Herrera timely filed a notice of appeal. (Doc. 49)

2

On October 1, 2019, a federal grand jury empaneled in the Northern District of Florida returned a five-count indictment against the defendant/appellant, Joaquin Herrera (hereinafter, "Herrera").   (PSR, ¶1).  Counts One through Four charged Enticement of a Minor for Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), on various dates in the month of April 2019.   (PSR, ¶¶ 2-4). Count Five charged Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), on or about May 3, 2019. (PSR, ¶ 5).

On September 3, 2020, Herrera pled guilty as charged to each count. (PSR, ¶ 8; Doc. 61 – pp. 37-38). He swore that he was "fully satisfied" with his "very experienced defense counsel." (Doc. 61- pp. 3, 35, 37).

Herrera's counsel rendered an eloquent argument for a sentence far below the guidelines range of 1,680 months, pointing out Herrera's assessed low likelihood of recidivism. (Doc. 57 – pp. 14-21) and aberrational window in a life free of criminal history.

The district court considered quite a few mitigating factors which had been advanced by Herrera's counsel (Doc. 48 – p. 3; Doc. 57 – pp. 22-23). Following the defendant's intelligent and eloquent allocution (Doc. 57 – pp. 6-

3

8), the court sentenced Herrera to consecutive terms of 360 months'
imprisonment on Counts One, Two, and Four; a concurrent term of 360
months' imprisonment on Count Three, and a consecutive term of 120
months' imprisonment on Count Five followed by concurrent terms of 10
years of supervised release.   (Doc. 47-pp. 2-3). This sentence was a 40-year
downward variance of Herrera's advisory guidelines range of 1,680 months.
(Doc. 57 – p. 5; Doc. 48 – p. 1). Herrera timely filed a notice of appeal
contesting the substantive reasonableness of his sentence. (Doc. 49).

On direct appeal, the Eleventh Circuit affirmed Herrera's sentence and
noted, "the district court explicitly accounted for Herrera's 'serious drug addiction'
and his 'mental health issues' in its assessment, explaining that these mitigating
factors, among others, 'cut in [his] favor.' *See* 18 U.S.C. § 3553(a)(1)." *United
States v. Herrera*, 2021 WL 4940831, *2 (11th Cir. Oct. 22, 2021).

Herrera timely filed a 2255 motion alleging five (5) grounds for relief,
ostensibly based on ineffective assistance of district court counsel. (Doc. 71 – pp.
2). Herrera does not claim ineffective assistance of appellate counsel.

## II.   LEGAL ANALYSIS

## General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction

and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014).

Relief under § 2255 is instead "reserved for transgressions of constitutional rights

and for that narrow compass of other injury that could not have been raised in direct

appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v.*

*United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

A district court need not reconsider issues raised in a § 2255 motion that

already were resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684

(11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).

That is, once a matter has been decided adversely to a defendant on direct appeal, it

cannot be relitigated in a collateral attack under § 2255. *Nyhuis*, 211 F.3d at 1343

(citation omitted). Broad discretion is afforded to a court's determination of

whether a particular claim previously was raised. *Sanders v. United States*, 373 U.S.

1, 16 (1963).

Because a § 2255 motion is not a substitute for direct appeal, any issue that

could have been raised on direct appeal generally is not actionable in a § 2255

motion and is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614,

621 (1998); *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021)

(citation omitted); *Lynn*, 365 F.3d at 1234-35. An issue is "'available' on direct

appeal when its merits can be reviewed without further factual development."

5

*Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a § 2255 motion unless the defendant establishes either (1) cause for not raising the ground on direct appeal *and* actual prejudice resulting from the alleged error, or alternatively, (2) he is "actually innocent." *Bousley*, 523 U.S. at 622 (citations omitted); *Granda*, 990 F.3d at 1286; *Lynn*, 365 F.3d at 1234.   Here, the defendant has failed to show cause for not raising any alleged error on direct appeal *and* actual prejudice resulting from the alleged error, or alternatively, (2) he is "actually innocent." The defendant makes no claim of ineffective assistance of counsel by appellate counsel. Accordingly, those claims which could have been raised on direct appeal, but were not, are procedurally  defaulted.

To show cause sufficient to excuse a procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. For example, a meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Actual prejudice is more than the mere possibility of prejudice. In a trial,

for example, actual prejudice "requires that the error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Granda*, 990 F.3d at 1288 (citation omitted). To establish IAC at sentencing, Herrera does not allege, or establish, that but for counsel's deficient performance there is a reasonable probability that, the result of the proceeding would have been less harsh <u>due to a reduction in the defendant's offense level</u>. *Glover*, 531 U.S. at 203-04; *Strickland*, 466 U.S. at 694. As noted, counsel's request for a downward variance was granted in a substantial way and the degree of downward variance, 40 years, is proof positive of counsel's highly effective representation of Herrera.

The benchmark for judging a claim of ineffective assistance of counsel is "<u>whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result</u>." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (emphasis added). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686; *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Denson v. United States*, 804 F.3d 1339, 1341 (11th Cir. 2015); *Darden v. United States*, 708 F.3d 1225, 1228 (11th

7

Cir. 2013).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Denson*, 804 F.3d at 1341; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

Trial counsel "is not required to present every nonfrivolous defense." Chandler, 218 F.3d at 1319.   "Considering the realities of the courtroom, more is not always better.   Stacking defenses can hurt a case.   Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others."   Chandler, 218 F.3d at 1319.   Moreover, "Strickland's approach toward investigation reflects the reality that lawyers do not enjoy the benefit of endless time, energy or financial resources.   How a lawyer spends his inherently limited time and resources is also entitled to great deference by the court." Grayson, 257 F.3d at 1221; quoting Chandler, 218 F.3d at 1318 n. 22.

Herrera admitted the allegations of the indictment in an extremely thorough Rule 11 colloquy, under oath. (Doc. 61 – pp. 2, 23-24, 29-34). Now claiming and showing "actual innocence" is out of the question. As the government noted, the evidence of guilt, over and above Herrera's confession (Doc. 61 – p. 27), was itself overwhelming. (*Id.* at p. 33).

## NON-JURISDICTIONAL DEFENSES
## <u>WAIVED BY VOLUNTARY GUILTY PLEA</u>

By pleading guilty voluntarily, as the defendant did here (Docs. 29, 31, 47, 61), he waived **<u>all</u>** non-jurisdictional defenses, as he was warned (Doc. 61 – pp. 12-13). *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014); *Erskine v. United States*, 2018 WL 6265070, *8 (S.D. Ala. Aug. 3, 2018)(citations omitted). Compare *Fonseco v. United States*, 2011 WL 2457750, *2 (S.D. Fla. Jun. 16, 2011) ("A knowing and voluntary plea constitutes a waiver of all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel."), *relief from judgment denied*, 2011 WL 4715183 (S.D. Fla. Oct. 7, 2011), and *United States v. Childs*, 2007 WL 4162926, *3 (M.D. Fla. Nov. 20, 2007) (finding that the guilty plea waiver of all non-jurisdictional defects "includes claims of ineffective assistance of counsel based on pre-plea issues. 'A voluntary guilty plea waives ... claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.'") with *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (in finding a waived claim of pre-plea ineffective assistance of counsel, the Eleventh Circuit noted that the claim was not about the defendant's decision to plead guilty and that "[a] defendant who enters a plea of guilty waives **all**

9

nonjurisdictional challenges to the constitutionality of the conviction, and **only an attack on the voluntary and knowing nature of the plea can be sustained**.") and *Duhart v. United States,* 556 Fed.Appx. 897, 898 (11th Cir. Feb. 28, 2014) (implicitly confirming that a defendant can waive pre-plea ineffective assistance of counsel claims that do not "go to the knowing and voluntary nature of the plea[ ]"), cert. denied, ——— U.S. ———, 135 S.Ct. 1475, 191 L.Ed.2d 418 (2015). Besides, these claims fail as a matter of law under *Hill,* supra, 474 U.S. at 59, 106 S.Ct. at 370 (to establish prejudice a petitioner must establish "a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial."). Here, Herrera has failed to allege and prove that, but for his counsel's purported errors, he would have pleaded not guilty and would have insisted on going to trial. Compare *Davis v. United States*, 335 Fed.Appx. 825, 827 (11th Cir. Jun. 9, 2009) ("If the movant (1) failed to allege in his motion to vacate that, but for counsel's advice, he would not have pled as he did or (2) otherwise failed to show special circumstances indicating that counsel's advice affected his decision to plead, then his allegation of prejudice is insufficient to satisfy *Strickland.*") with *Bohannon v. United States*, 2010 WL 749329, *4 (S.D. Ala. Feb. 26, 2010) ("Nor can the

10

petitioner satisfy the prejudice prong of his ineffective assistance claim. As a threshold matter, he has failed to even *allege* prejudice, and such a failure is independently fatal.") (emphasis in original); cf. *Wilson,* 962 F.2d at 997 ("Conclusory allegations of ineffective assistance are insufficient.").

To establish ineffective assistance, it is **critical that a defendant provide factual support** for his contentions regarding counsel's performance. (emphasis added)  *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

Also, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.   *Hollis v. United States,* 958 F.3d 1120, 1124 (11th Cir. 2020); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008)); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002). Moreover, a silent record is not sufficient to disprove the strong and continuing presumption [of effective representation]. Therefore, where the record is incomplete or unclear about [counsel]'s actions, [the court] will presume that he did what he should have done, and that he exercised reasonable professional judgment."  *Grayson*, 257 F.3d at 1194 (*quoting*

11

*Chandler*, 218 F.3d at 1314 n. 15).   Where "the evidence does not clearly explain what happened, or more accurately why something failed to happen, the party with the burden loses." *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001); *accord Wood v. Allen*, 542 F.3d 1281, 1305 (11th Cir. 2008) (holding that, where the defendant failed to rebut the presumption that his lawyer's decision not to present evidence on an issue was reasonable, his ineffective assistance of counsel claim was due to be denied).\

In determining whether counsel's performance was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to review counsel's performance in a <u>highly deferential</u> manner and "<u>must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance</u>." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (*quoting Strickland*, 466 U.S. at 689) (emphasis added); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that defendant was "<u>not entitled to error-free representation</u>") (emphasis added).   Counsel's performance must be

12

evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant <u>must establish</u> that "<u>no competent counsel would have taken the action that his counsel did take</u>."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted) (emphasis added); *Chandler*, 218 F.3d at 1315.

When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   *Id.* at 1316 n.18; <u>Fugate</u>, 261 F.3d at 1216. Here, Herrera's district court counsel, Timothy C. Halstrom, is a 40+-year member of The Bar and is highly experienced in federal criminal practice. The district court advised the defendant at the Rule 11 colloquy, he had "the benefit of having a very experienced defense counsel sitting next to you." (Doc. 61 – p. 3).

With regard to the prejudice requirement, defendant <u>must establish</u> that, but for counsel's deficient performance, the <u>outcome of the proceeding would have been different</u>.   *Strickland*, 466 U.S. at 694 (emphasis added); *Denson,* 804 F.3d at 1343.

Given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   *Chandler*,

13

218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007); *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was '**so patently unreasonable that no competent attorney would have chosen it**.'" (emphasis added) *Dingle*, 480 F.3d at 1099 (*quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."   *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).   Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A <u>defendant's belief</u> that a certain course of action that counsel failed to take <u>might have helped</u> his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

14

Because the need for finality has "'special force with respect to convictions based on guilty pleas,'" collateral review of such convictions exists only in "strictly limited" circumstances. *Bousley*, 523 U.S. at 621 (*quoting Timmreck*, 441 U.S. at 784). In particular, "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). The Court applied this rule in *United States v. Broce*, to hold that defendants had waived their double jeopardy claims by pleading guilty to two indictments arising out of the same course of conduct. 488 U.S. 563, 569–74 (1989). See also *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (voluntary guilty plea waives all non-jurisdictional defects); *United States v. De La Garza,* 516 F.3d 1266, 1271 (11th Cir.2008), (*quoting, Wilson,* (*infra*)); *McCoy v. Wainwright,* 804 F.2d 1196, 1198 (11th Cir.1986) (voluntary guilty plea waives all non-jurisdictional defects); *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir.2000), *citing, United States v. Smallwood,* 920 f.2d 1231, 1240 (5th Cir.1991); *Smith v. United States,* 447 F.2d 487, 488 (5th Cir.1971), *citing, Hayes v. Smith,* 447 F.2d 488 (5th Cir.1971).

When a defendant files a section 2255 motion to challenge the validity of a conviction obtained pursuant to a guilty plea, "the inquiry is ordinarily confined to

whether the underlying plea was both counseled and voluntary." Id. at 569. Thus, a defendant may collaterally attack his guilty plea on the ground that it was coerced by the government or defense counsel, see, e.g., *United States v. Wright*, 43 F.3d 491, 497–500 (10th Cir. 1994), or that he was misinformed of the elements of the offense. *See Bousley*, 523 U.S. at 618–19. But if the defendant failed to challenge the voluntariness of his plea on appeal, as here, he must still demonstrate cause and prejudice or actual innocence to excuse his default. *Id*. at 621–22. This Herrera has not done and cannot do.

The purpose of a § 2255 motion is "to safeguard a person's freedom from detention in violation of constitutional guarantees," but "[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea." *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11 Cir. 2014)(*quoting Blackledge*, 431 U.S. at 71).   The Supreme Court has thus instructed that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 73–74, 80 n.19, 97 S.Ct. at 1621-1622, 1630 n.19 (explaining that if the record reflects the procedures of plea negotiation and includes a verbatim transcript of the plea

colloquy, a petitioner challenging his plea will be entitled to an evidentiary hearing "only in the most extraordinary circumstances").

It also bears mentioning that "as a matter of public policy, no court should tolerate claims of this kind, wherein the movant literally suggests in his § 2255 filings that he lied during the Rule 11 hearing," "nor should such a movant find succor in claiming" as movant appears to suggest here generally, that "my lawyer told me to lie" or that he was otherwise threatened, coerced, or unlawfully induced by counsel (Doc. 71 – p. 7), the government, or the court into doing so. *See Gaddis v. United States*, 2009 WL 1269234, *5 (S.D. Ga. 2009) (unpublished). It is nevertheless far too easy for an inmate to make such allegations—if only to win a "field trip" from prison to court.  Such lying, of course, not only offends the justice system itself but also consumes judicial (hence, taxpayer) resources. Meaningful sanctions thus must be applied. *See, e.g., United States v. Dickerson,* CR608–36, (S.D.Ga. Dec. 11, 2008) (indictment charging inmate with violating 18 U.S.C. § 1623(a) by knowingly lying under oath in a § 2255 motion that he was not present during his 2006 criminal trial during jury selection); *Id.*.   The defendant here, claims that he was coerced and instructed by counsel to lie under oath to the district court "regardless of his belief or memory" (Ground Three – p. 7), in his plea

17

colloquy).

"[S]uch casual lying enables double-waivered, guilty-plea convicts to feel far too comfortable filing otherwise doomed § 2255 motions that consume public resources." See Irick v. United States, 2009 WL 2992562 at *2 (S.D. Ga. Sept. 17, 2009). Given the thorough Rule 11 colloquy that was conducted by the court (Doc. 61), there is nothing of record to suggest that the movant's plea was anything other than freely and voluntarily upon the advice of competent counsel, as the district court so found.   (Doc. 61– pp. 3, 36-37).

In this case, review of the record confirms that the movant's plea was knowing and voluntary, and therefore, the movant has waived any defense he may have had prior thereto, to the charged conduct.

## DEFENDANTS MOTION (Doc. 71)

Ground One

The allegations of Ground One (Doc. 71 – p. 4) are a blatant attempt to have a second bite at the "substantive reasonableness" apple. The Eleventh Circuit decided on direct appeal that the defendant's sentence was substantively reasonable. *Herrera*, at 2021 WL 4940831. Once a matter has been decided adversely to a defendant on direct appeal, it cannot be relitigated in a collateral attack under § 2255. *Nyhuis*, 211 F.3d at 1343. To the extent Ground One can be

also construed as an attack on the correct calculation of the defendant's advisory guidelines range (procedural reasonableness), that issue was not presented on direct appeal and is therefore procedurally defaulted. *Bousley*, 523 at 621; *Granda*, 990 F.3d at 1286; *Lynn*, 365 F.3d at 1234-35. The defendant has failed to meet each prong of *Strickland* in Ground One. He has failed to allege and establish that not one other competent defense counsel would have handled his sentencing as his lawyer did. *Gordon*, 518 F.3d at 1301; *Chandler*, 218 F.3d at 1315. He has also failed to allege and demonstrate that but for his lawyer's "deficient" performance, the district court would have imposed a sentence <u>more than 40 years below</u> the bottom of his advisory USSG range. Accordingly, relief based on Ground One is due to be denied.

<u>Ground Two</u>

In Ground Two (Doc. 71 – p. 5), the defendant claims he was not properly advised of the benefits of plea vs. trial and what rights he would be giving up if he pleaded guilty. The magistrate judge conducting the Rule 11 colloquy did a masterful job in describing the rights the defendant would enjoy if he chose to go to trial and the rights which would be given up by entering a guilty plea. (*Id.* at 9-13). Thirteen times the defendant told the magistrate that he understood the explanation of trial rights vs. guilty plea

consequences. (*Id.*). The defendant told the magistrate judge he needed no further explanation from the court or his attorney. (*Id.*). The defendant was well-educated, had a substantial employment history and was well-spoken. (PSR, ¶¶129-30, 132, 134, 136-37; Doc. 57 – pp. 7 ("That is why as a regretful parent, I incite the parents to impart forgiveness in them before duration and the trauma become irreversible."), 23 ("a very smart, intelligent, capable person").

The defendant has failed to meet each prong of *Strickland* in Ground Two. He has failed to allege and establish that not one other competent defense counsel would have counseled him to plead guilty as his lawyer did. *Gordon*, 518 F.3d at 1301; *Chandler*, 218 F.3d at 1315. He has also failed to allege and demonstrate that but for his lawyer's "deficient" performance, the district court would have imposed a sentence more than 40 years below the bottom of his advisory USSG range. The defendant failed to challenge the voluntariness of his plea on direct appeal and must still demonstrate cause and prejudice or actual innocence to excuse his default. *Bousley*, 523 U.S. at 621–22. This Herrera failed to do. Accordingly, relief based on Ground Two is due to be denied.

Ground Three

With bare, conclusory allegations and no shred of proof, Herrera alleges

20

defense counsel coerced him to lie to the presiding judge during his Rule 11 colloquy without regard for Herrera's belief or memory. (Doc. 71 – p. 7). He now claims his lawyer's promises guaranteed a 15-year sentence. These statements are belied by the record of the sworn plea colloquy and the plea agreement signed by the defendant. The plea agreement warned that the sentence was left to the district court's discretion and that the court was only limited by the statutory maximum. (Doc. 29 – pp. 4-5). The defendant acknowledged understanding the prediction of a sentence that may be imposed was not a guarantee or binding promise and that the sentence may not be subject to accurate prediction. (*Id*. at p. 7). The defendant further acknowledged his understanding that a greater sentence than expected would not be grounds to withdraw from his plea. (*Id*.). He confirmed in writing by his signature that his plea was entered knowingly and voluntarily. (*Id*.).

During the plea colloquy, the defendant was cautioned that the sentences for the five counts might be imposed consecutively or concurrently. (Doc. 61 – p. 15). The magistrate judge made certain the defendant understood that the district judge was not bound by the advisory guideline range and was limited only by the statutory mandatory minimums and maximums. (*Id.* at pp. 17-18).

The defendant has failed to meet each prong of *Strickland* in Ground Three. The plea colloquy record belies the defendant's claim he was coerced to answer

"yes" in acknowlging every statement of fact in support of the plea. He spoke up and pointed out he had no knowledge or memory of certain statements in Doc. 29. (Doc. 61 – p. 29). He has also failed to allege and demonstrate that but for his lawyer's "deficient" performance, the district court would have imposed a sentence more than 40 years below the bottom of his advisory USSG range. The defendant failed to challenge the voluntariness of his plea on direct appeal and must still demonstrate cause and prejudice or actual innocence to excuse his default. *Bousley*, 523 U.S. at 621–22. This Herrera failed to do. Accordingly, relief based on Ground Three is due to be denied.

Ground Four

Ground Four alleges the scope of Mr. Halstrom's pre-plea investigation of the case was less than complete in developing mental health and drug abuse mitigation. By entering a knowing and voluntary plea of guilty, the defendant waived any pre-plea IAC claim. *Wilson*, 962 F.2d at 997; *Duhart,* 556 Fed.Appx. at 898. He further failed to allege and establish that but for counsel's deficient performance as described in Ground Four, he would have insisted on going to trial. *Hill,* supra, 474 U.S. at 59, 106 S.Ct. at 370; *Davis*, 335 Fed.Appx. at 827.

The defendant has failed to meet each prong of *Strickland* in Ground Four. He has failed to allege and establish that not one other competent defense counsel

would have handled his mitigation arguments as his lawyer did. *Gordon*, 518 F.3d at 1301; *Chandler*, 218 F.3d at 1315.

The mental health and drug abuse mitigation was fully developed by counsel at sentencing and relied upon by the district court in imposing a downward variance sentence at 40 years below the bottom of the guidelines range. (Doc. 57 – pp. 16, 20-21, 22-23; Doc. 48 – p. 3).

The record belies his claim that counsel was ineffective in learning of his mitigating factors of drug abuse and mental health issues. The sentencing transcript documents counsel's effective arguments re: that mitigation and the district court's reliance upon it in crafting a sentence 480 months below his calculated guidelines range. Herrera has also failed to allege and demonstrate that but for his lawyer's "deficient" performance, the district court would have imposed a sentence <u>more than 40 years below</u> the bottom of his advisory USSG range. Accordingly, relief based on Ground Four is due to be denied.

<u>Ground Five</u>

Treating Herrera's additional IAC complaints (Doc. 71 – p. 10) as a Ground Five, he alleges counsel was ineffective for failing to raise the issue of bias on the part of his sentencing judge. Herrera fails to come close to demonstrating bias by the sentencing court against him. The undersigned has never heard of a larger

downward variance than received by the defendant. No factual support exists for such a claim. Counsel pointed out that an examining doctor and a counselor believed Herrera to be a lower risk of reoffending "as child molestors go". The fact that any risk of reoffending was unacceptable to the court arguably indicates only a bias against despicable offenses as charged here.

The defendant has failed to meet each prong of *Strickland* in Ground Five. He has failed to allege and establish that not one other competent defense counsel would have refrained from claiming bias on the part of the sentencing court. *Gordon*, 518 F.3d at 1301; *Chandler*, 218 F.3d at 1315. It should be noted that appellate counsel, against whom no IAC is alleged, did not identify a bias on the part of the sentencing court to be argued on direct appeal.

## NO EVIDENTIARY HEARING IS REQUIRED

Although § 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any

24

specific factual proffer or evidentiary support"); *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter, a defendant must proffer evidence that, if true, would entitle him to relief.")); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983); *Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are ... based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Disputes involving purely legal issues can be resolved by the court without a hearing.

## CONCLUSION

Here, the defendant has failed to meet each prong of *Strickland* on each of his five grounds. For each of the foregoing reasons, this Court should deny the defendant's motion without a hearing.   *See Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).   Moreover, the defendant has made no substantial showing

of the denial of a constitutional right and a certificate of appealability should also be denied. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).

Respectfully submitted,

JASON R.COODY
United States Attorney

*/s Lennard B. Register, III*
LENNARD B. REGISTER, III
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 264970
21 East Garden Street, Ste. 400
Pensacola, FL 32502
(850) 444-4000
len.register@usdoj.gov

## <u>LOCAL RULE 7.1(F)CERTIFICATE</u>

I certify that the above response complies with the length limit set forth in N.D. Fla. Loc. R. 7.1(F).   This response contains 5,527 words.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of this response has been mailed

via U.S. mail to Joaquin Gabriel Herrera, Reg. No. 26604-017, U.S.

PENITENTIARY TUCSON, P.O. Box 24550, Tucson, AZ 85734 on this

12th day of April 2023.

*/s Lennard B. Register, III*
LENNARD B. REGISTER, III
Assistant United States Attorney
